**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

TURFCO MANUFACTURING, INC.,

               Plaintiff,                      Case No. 2:07-cv-02853-JPM-egb

v.

TURFCO PEST CONTROL, LLC,

               Defendant.

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS**

---

Before the Court is Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37 (Doc. 38). Defendant has responded. On May 28, 2009 this Court heard oral arguments from the parties on this Motion. Based upon the pleadings, the parties' arguments and the entire record in this matter, the Magistrate Judge recommends that sanctions in the form of payment of expenses are appropriate in this case, given Defendant's pattern of delay and disregard of Court-ordered deadlines.

Federal Rule of Civil Procedure 37(b) enumerates several remedies available to the court when a party fails to obey an order to provide or permit discovery. While, as Plaintiff points out, these remedies include entering default judgment, such a sanction is extreme. Indeed, the Sixth Circuit has held that dismissal of an action or proceeding is "a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Regional Refuse Systems v. Inland Reclamation Co.,* 842 F.2d 150, 153-54 (6th Cir.1988); *Vance, by and through Hammonds v. U.S.,* 182 F.3d 920 (6th Cir. 1999); *Pavlik v. Brand Scaffold Builders, LLC*, Nos. 06-13928, 06-14540, 2008 WL 597160

(E.D. Mich. March 4, 2008).  In reviewing a dismissal for discovery abuses the Sixth Circuit has identified four factors to consider:  (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits is dismissal appropriate. *Reese Corp. v. Rieger* 201 B.R. 902, 907 (E.D.Mich. 1996).

In this case, the Magistrate Judge does not recommend dismissal as sanctions because it does not find that the failure to obey the Court's April 27 deadline for responding to discovery requests to be willful.  Defendant apparently has severe health problems and during the time period at issue there was a change in counsel.  While the Magistrate Judge does not condone this delay and recognizes that there has been a pattern of delay in this case, he cannot find that missing this deadline was willful and in bad faith.  Further, Plaintiff has not been prejudiced by Defendant's delay to such an extent as to warrant default judgment.  Defendant has provided Plaintiff with discovery responses and the parties are cooperating in getting Plaintiff the documents requested.  Because this Court denied Defendant's Motion for Extension of Time, Plaintiff does not have an obligation to respond to Defendant's untimely discovery requests and the case can proceed without delay.

The Magistrate Judge does find that sanctions are appropriate in the form of payment of expenses under Rule 37(b)(2)(C), however.  Under that Rule, the Court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or

other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Here, the

failure to obey the Court ordered discovery deadline, while not willful or in bad faith, was also

not substantially justified.  Accordingly the Magistrate Judge recommends that Defendant and

his attorney pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in

responding to Plaintiff's Motion for Extension of Time and incurred by Plaintiff in filing and

arguing the Motion for Sanctions.  The Magistrate Judge recommends that, should the Court

adopt its Report and Recommendation, Plaintiff submit an affidavit to the Court attesting as to

these expenses incurred, so that the Court can make a determination as to the reasonableness of

these costs and fees.


**s/ Edward G. Bryant**
EDWARD G. BRYANT
United States Magistrate Judge


**May 29, 2009**
Date


**NOTICE**

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN
TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C.
§  636(b)(1)(C).  FAILURE  TO  FILE  THEM  WITHIN  TEN  (10)  DAYS  MAY
CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER
APPEAL.**