```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

TURFCO MANUFACTURING, INC.,         )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )    No. 2:07-cv-2853-JPM-cgc
                                    )
TURFCO PEST CONTROL, LLC,           )
                                    )
        Defendant.                  )

**ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
AND REPORT AND RECOMMENDATION
ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

Before the Court are Defendant's Appeals of Magistrate Judge's Ruling Regarding Filing of Defendant's Discovery (D.E. 42 & 49), and Plaintiff's Motion for Sanctions or in the Alternative to Compel Discovery and Extend Trial Dates (D.E. 48). For the reasons that follow, Defendant's objections to the Magistrate Judge's order and report and recommendation are DENIED, and Plaintiff's Motion for Sanctions or in the Alternative to Compel Discovery and Extend Trial Dates is GRANTED.

**I. Defendant's Appeal of Magistrate Judge's Order Denying Motion for Extension of Time**

**a. Background**

On April 9, 2009, Defendant filed a Motion for Extension of Time to Serve and Respond to Discovery. (D.E. 36.) On April

1

13, 2009, the Court referred that motion to the Magistrate Judge for determination. (D.E. 37.) Plaintiff filed a response to Defendant's motion on April 26, 2009. (D.E. 38.) On April 24, 2009, the Magistrate Judge denied Defendant's motion. (D.E. 40.) Defendant filed its objection to the Magistrate Judge's order on May 7, 2009. (D.E. 42.) The Court now AFFIRMS the Magistrate Judge's order.

### b. Analysis

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's factual findings are reviewed under the "clearly erroneous" standard. Gandee v. Glaser, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd 19 F.3d 1432 (6th Cir. 1994). A factual finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Heights Cmty. Cong. v. Hilltop Realty, Inc., 774 F.2d 135, 140 (6th Cir. 1985). The Sixth Circuit has noted that:

> [t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower

> court's finding, and whether its construction of that evidence is a reasonable one.

Heights Cmty. Cong., 774 F.2d at 140. A magistrate judge's legal conclusions are reviewed under the "contrary to law" standard. Gandee, 785 F. Supp. at 686. The district court "must exercise independent judgment with respect to the magistrate judge's conclusions of law." Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 291 (W.D. Mich. 1995)(citing Gandee, 785 F. Supp. at 684).

The Magistrate Judge's order is neither clearly erroneous nor contrary to law. The Magistrate Judge's conclusion that "Defendant has followed a pattern and practice of undue delay . . . ," (D.E. 40), is supported by the record. Defendant has not established that the Magistrate Judge's decision to deny the discovery extension is contrary to law. Accordingly, the Court AFFIRMS the Magistrate Judge's order.

## II. Defendant's Appeal of Magistrate Judge's Report and Recommendation on Plaintiff's Motion for Sanctions

### a. Background

On April 16, 2009, Plaintiff filed a motion for sanctions. (D.E. 38.) Plaintiff's motion was based on what it contended was Defendant's failure to comply with the Court's discovery orders. Plaintiff sought "a default judgment and/or an award of all fees and costs incurred" in preparing its motion. (Id.)

On May 4, 2009, the Court referred Plaintiff's motion to the Magistrate Judge for report and recommendation. (D.E. 41.) Defendant filed a response to Plaintiff's motion on May 28, 2009. (D.E. 44.) Also on May 28, 2009, the Magistrate Judge held a telephonic hearing on Plaintiff's motion. Present for Plaintiff were Michael Lafeber, Esq. and Amy C. Worrell, Esq.; present for Defendant was Edward Bearman, Esq.

On May 29, 2009, the Magistrate Judge issued a report and recommendation, recommending sanctions under Federal Rule of Civil Procedure 37(b). Specifically, the Magistrate Judge recommended that "Defendant and his attorney pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in responding to Plaintiff's Motion for Extension of Time and incurred by Plaintiff in filing and arguing the Motion for Sanctions." (D.E. 46.) Defendant filed objections to the Magistrate Judge's report and recommendation on June 9, 2009. (D.E. 49.)

### b. Analysis

After de novo review, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

As an initial matter, the Court rejects Defendant's proposed reading of Federal Rule of Civil Procedure 37. According to Defendant, a court may not award attorney's fees under Rule 37(b) if no motion is made under Rule 37(a). Thus,

4

Defendant argues, because Plaintiff did not move to compel under Rule 37(a), the Court may not sanction Defendant under Rule 37(b) for its failure to comply with the discovery schedule.

Defendant's reading of the rule is incorrect.  By its plain terms, Rule 37(b) authorizes sanctions for failure to comply with a discovery order, including but not limited to orders issued under Rule 37(a).  <u>See</u> Fed. R. Civ. P. 37(b)(2)(A).  Defendant failed to comply with the Court's scheduling order of March 4, 2009, under which Defendant was to respond to Plaintiff's discovery requests by March 27, 2009.  (<u>See</u> D.E. 30.)  Thus, sanctions are available under Rule 37(b).

Defendant may nevertheless avoid sanctions of the type the Magistrate Judge recommended if Defendant's failure to comply with the Court's orders was "substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Defendant argues that health problems and the obtaining of new counsel prevented Defendant from complying with the Court's discovery order.

The history of this litigation undercuts Defendant's argument.  Defendant's contention at the March 2, 2009 hearing was that the Parties had not entered into a settlement agreement.  Defendant prevailed on that point and the litigation continued.  At that point, Defendant knew it had to respond to

5

Plaintiff's discovery requests, which had been served on August 8, 2008.

The Magistrate Judge considered, and rejected, Defendant's argument that the circumstances of this case merited no sanctions.  Defendant did not object to the March 27 deadline set at the March 4, 2009 hearing, and the Court warned Defendant at that time that failure to comply with the discovery schedule could result in sanctions.  (<u>See</u> D.E. 30.)

Accordingly, sanctions are appropriate for Defendant's failure to comply with the Court's discovery order.  The Court ADOPTS the Magistrate Judge's Report and Recommendation.  Defendant and his counsel are hereby ORDERED to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in responding to Defendant's Motion for Extension of Time and in filing and arguing Plaintiff's Motion for Sanctions.

### **III. Plaintiff's Motion for Sanctions**

#### **a. Background**

Plaintiff again moved to compel discovery and for sanctions on June 8, 2009.  (D.E. 48.)  Defendant responded in opposition on June 17, 2009.  (D.E. 52.)  With leave of Court, Plaintiff replied to Defendant's brief in opposition on August 28, 2009.  (D.E. 56.)  After considering the Parties' arguments and the entire course of this litigation, the Court GRANTS Plaintiff's motion to compel and for sanctions.

6

**b. Analysis**

Defendant has repeatedly failed to comply with Plaintiff's discovery requests and the Court's discovery orders. With regard to the instant motion, Defendant has failed to produce documents in response to Plaintiff's discovery requests and has not articulated a basis in the law for refusing to do so. Accordingly, Defendant is hereby ORDERED to produce the requested documents within ten (10) days of the issuance of this Order or explain why it cannot do so.

When a court grants a motion to compel under Rule 37(a), the court must award the prevailing party its attorney's fees and expenses incurred in making the motion, unless the other party's failure to comply with the discovery process was "substantially justified . . . or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). Because Defendant has not shown that its failures to comply with the Court's orders and the Plaintiff's discovery requests are substantially justified or that sanctions are otherwise unjust, the Court will make such an award. Defendant and his counsel are hereby ORDERED to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in preparing its Motion for Sanctions or in the Alternative to Compel Discovery and Extend Trial Dates.

Defendant is cautioned that further failures to comply with this Court's orders or the Federal Rules of Civil Procedure may result in additional sanctions, including the entry of default judgment and an order to pay Plaintiff's reasonable attorney's fees and expenses.  <u>See</u> Fed. R. Civ. P. 37(b).

### IV. Conclusion

For the foregoing reasons, the Court DENIES Defendant's objections to the Magistrate Judge's order and report and recommendation, and GRANTS Plaintiff's motion to compel and motion for sanctions.  Plaintiff shall submit by affidavit a calculation of attorney's fees and expenses incurred in preparing and arguing the relevant motions.

IT IS SO ORDERED this 6th day of October, 2009.

Jon P. McCalla_____<br>
JON P. McCALLA<br>
CHIEF U.S. DISTRICT JUDGE